### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| THOMAS WILLIAMS ) | CASE NO. 1:23-cv-0095 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE: DONALD C. NUGENT |
| vs. ) | |
| ) | |
| HARRY WILLIAMSON ET AL., ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION TO REMAND WITH |
| Defendants. ) | REQUEST FOR SANCTIONS AND |
| ) | ATTORNEY FEES |

The removal documents and pleadings, submitted by Defendant Harry Williamson contain gross inaccuracies and are procedurally defective. Further, it is unequivocal that there exists no federal jurisdiction in this case and immediate remand is required. Plaintiff is pursuing state law claims and causes of action. There is no private federal civil cause of action contained anywhere in Plaintiff's complaint. As a result, this Court lacks original jurisdiction and Defendant's shabby and hopeless attempt at removal is totally inappropriate. A mandate should issue out of this Court as expeditiously as possible, transferring this case back to the state court where it originated pursuant to 28 U.S.C.§1447(c) with an order granting sanctions including attorney fees. (Exhibit 13, Legal Fee Bill)

## I. FACTUAL BACKGROUND

### A. THE FEDERAL CASE

In September 2021, Plaintiff Thomas Williams (former Lorain County Administrator) filed suit against Lorain County Commissioners, Defendant Michelle Hung and Matt Lundy, alleging Williams had been discharged in retaliation and without cause after learning of— and raising concerns about— THE affair between Commissioner Hung and the Remover, Harry Williamson (the "Federal Case"). See *Thomas Williams v. Michelle Hung, et al., U.S. District Court,* Northern District of Ohio Case No. 1:21- cv-01863. (Exhibit 1, Federal Complaint and Docket) That case was settled for $450,000.

### B. LORAIN COUNTY CASE

In January 2022, while the Federal Case was still pending, the Remover, Defendant Williamson filed a lawsuit against Lorain County, Lorain County Commissioners Matt Lundy and David Moore, former Administrators Thomas Williams and James Cordes, and the County's outside legal counsel on employment matters— the Ulmer Entities. See *Harry Williamson v. Lorain County, et al.*, Lorain County Court of Common Pleas Case No. 22-CV-205156. (Exhibit 2, Lorain County Case Complaint) Williamson was represented in the Lorain County Case by attorney and Defendant Bardwell. Williamson claimed that he was wrongfully terminated for whistleblower activity, and that his extramarital affair with Commissioner Hung inexplicably constituted pretext. Prior to the filing of the Lorain County Case, Defendant Bardwell went on a relentless effort to settle the case for $1 million and contacted every potential Defendant, including the Plaintiff Williams to make payment. Ultimately, that case was voluntarily dismissed by the Remover Williamson.

### C. DISCOVERY IN THE FEDERAL CASE

During the discovery phase of the Federal Case, depositions were taken of Defendants, Bardwell and Hung. The depositions were conducted by Plaintiff William's counsel, attorney William J. Novak, regarding allegations contained in the Lorain County Case complaint where Plaintiff Williams was a Defendant. The depositions focused specifically on the gravamen of that complaint and allegations relating to text messages and confidential executive session meetings of the Lorain County Commissioners. Defendant Bardwell adamantly and improperly refused to answer questions regarding his source for the text messages and confidential executive session information. Defendant Hung committed perjury for her paramour Williamson by mispresenting under oath that she did not know where her lover, the Remover and Defendant Williamson, obtained the purported text messages and executive privilege information which were set forth in his Lorain County Case complaint and also improperly asserted the attorney-client privilege to end the inquiry. The fact of the matter is that the Defendant Hung gave the information to the Remover Williamson (Exhibit 3, Cuyahoga County Case Complaint, ¶¶ 16-18)

### D. FALSE NARRATIVE

In November 2022, Plaintiff's counsel, William Novak became aware of discovery in the Lorain County case. In a shocking revelation, Defendant Bardwell provided discovery responses to defendants, admitting that Defendant Hung, provided information regarding attorney client privilege matters, and matters relating to executive privilege, so that Williamson could provide this information to Defendant Bardwell to advance his extortionary and sham lawsuit. This narrative was directly at odds with her prior testimony in the Federal Case and constituted perjury with the sole purpose of advancing the Remover's extortionary lawsuit. (Exhibit 3, ¶¶ 20 and 21)

### E. CUYAHOGA COUNTY CASE

The foregoing fraudulent and perjurious conduct by the Remover Williamson and Defendants Hung and Bardwell formed the catalyst for the filing of this case which is the subject

3

of an insignificant and shameless removal. On November 21, 2022, Plaintiff Thomas Williams commenced this action against Commissioner Hung, Williamson, and Bardwell. The Plaintiff's complaint alleges among other things that certain of the Defendants committed perjury while testifying in the Federal Case, and that all three Defendants conspired through "gross misrepresentations and the unlawful use of misrepresentations of privileged information" to pursue a sham lawsuit— the Lorain County Case— as part of "an unlawful enterprise to extort money from Lorain County" and others including Plaintiff Thomas Williams. (Exhibit 3, Cuyahoga County Case Complaint, ¶¶6 and 7.)

    F. **POST FILING CONDUCT IN CUYAHOGA COUNTY CASE**

It is important for this court to have a Full and complete understanding of the series of acts, which occurred subsequent to the filing of this case. They are succinctly set forth as follows:

- Defendant Hung filed a motion to enforce the settlement in the Federal Case which was ultimately denied by Judge Boyko (Exhibit 4, Federal Case Docket);

- Remover and Defendant Williamson was served on December 7, 2022 at the same address that he used as Plaintiff in the Lorain County case (See Exhibit 2, p. 1, Exhibit 3, p. 1 and Exhibit 3, Exhibit 5, Cuyahoga County Case Docket);

- Commencing with November 22, 2022, prior to being formally served with the complaint, Defendant Brian Bardwell served discovery requests and later a second series of discovery upon Plaintiff on behalf of Remover Williamson which became subjects of protective orders issued by judge, Janet Burnside (Exhibits 6 and 7 Protective Orders);

- Non-parties and Plaintiff filed motions to quash subpoenas submitted by Defendant Bardwell on behalf of Remover Williamson relating to phone records, which were granted by Judge Burnside on the basis that they were improperly submitted, and most importantly, that Defendant Bardwell never formally entered an appearance, on behalf of Harry Williamson (Exhibit 8, Order granting motions to quash);

- Plaintiff Williams filed a Motion to Disqualify Bardwell from representing Remover, Harry Williamson which was granted by Judge Burnside (Exhibit 9, Order granting motion to disqualify);

- On February 13, 2023, attorney, Subodh Chandra entered a limited appearance on behalf of Remover, Harry Williamson, and Defendant Brian Bardwell and filed a Notice of Appeal on the issue of Bardwell's disqualification (Exhibit 10, Notice of Appeal);

- Plaintiff and non-parties filed motions for sanctions, which became the subject of a hearing in front of Judge Burnside on February 15, 2023 at which time Judge Burnside determined that the matter would be set for further hearing on attorney fee bills and sanctions (See Exhibit 5);

- On January 11, 2023, Remover Williamson filed a motion to dismiss, pro se which was denied as moot that had the appearance of a ghost-written pleading (Exhibit 11, Motion to Dismiss).

**In summary, Williamson was on the legally justified losing end of every obvious and correct decision rendered by Judge Janet Burnside**, **with the prospect of sanctions and attorney fees around the corner. His next step was this removal. No surprise based on prior conduct!**

### G. DEFECTS IN WILLIAMSON'S REMOVAL

The Remover's removal pleadings and documents contain a cornucopia of gross misstatements, inconsistencies and defects which cannot go unnoticed and are procedurally deficient. They are set forth as follows:

- I. Of Civil Cover Sheet lists Tom Williamson as Plaintiff (Exhibit 12 Removal docs, Civil Cover Sheet);

- II. Of Civil Cover Sheet checks off federal question (See Exhibit 12);

- III. Of Civil Cover Sheet checks off Plaintiff as citizen of another state and foreign country (See Exhibit 12);

- IV. Of Civil Cover Sheet checks off 440 Other Civil Rights (See Exhibit 12);

- Page 2 of the Civil Cover Sheet checks off 2. Administrative Review/Social Security (See Exhibit 12);

5

- Remover's original Notice of Removal to Federal Court sets forth 28 U.S.C.§1332 as the basis for jurisdiction when there is no diversity (See Exhibit 12);

- Defendant Harry Williamson's Notice of Removal in paragraph 2 inaccurately states that he was not served with a complaint until February 3, 2023, when in fact he was served through his attorney's office on December 7, 2023 (Exhibit 12, Notice of Removal to This Court ¶ 2, );

- The Remover states in paragraph 2 of the Notice of Removal that he has not answered, or otherwise responded to the complaint, when, in fact, he filed a Motion to Dismiss in the Cuyahoga County Case (See Exhibit 12, ¶ 2 and Exhibit 11, Motion to Dismiss);

- The Remover states in paragraph three of the Notice of Removal that the complaint contains allegations and causes of action arising under the laws of the United States, specifically 42 U.S.C. §1346, a non-existent statute (See Exhibit 12, ¶ 3 );

- In the closing paragraph, Remover states that "Cliffside hereby removes", whoever Cliffside is? (See Exhibit 12, closing paragraph );

- The original Notice of Removal to This Court fails to mention the requirement of unanimity among Defendants. (See Exhibit 12).

## H. **FACT SUMMARY**

The Defendants, specifically the Remover, Harry Williamson, his paramour, Defendant Michelle Hung and his putative attorney, Defendant Brian Bardwell engaged in an unlawful enterprise to extort money from Lorain County, Ohio, the Lorain County Commissioners and others, including, but not limited to, Plaintiff Thomas Williams, through gross misrepresentations and the unlawful use of misrepresentations of privileged information provided by Defendant Hung to her lover, Defendant Williamson, which formed the basis of a sham and retaliatory lawsuit filed by Defendant attorney Brian Bardwell (See Exhibit 2). Indeed, Exhibit 2 is founded on perversions and misrepresentations concerning the governance of Lorain County and the termination of

6

Defendant Williamson in an effort to extort a substantial settlement at the expense of the taxpayers of Lorain County, Plaintiff Williams and others.

Fundamental to the twisted narrative of Exhibit 2 was Defendant Hung's "insider" status as a sitting Lorain County Commissioner and her perjurious statements under oath in the Federal Case (in which all occurred in Cuyahoga County and in which Defendant Bardwell and Defendant Williamson all conspired) as well as her baseless reliance on attorney-client privilege and executive session privilege was a sham to disguise the Defendants' conspiracy to extort a quick settlement of the claims asserted in Exhibit 2.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

A defendant may remove a case from state court to federal court when the action involves diversity of citizenship or when the district court has original jurisdiction. 28 U.S.C. § 1441. In the present matter, there is no claim that the Defendants removed the action to federal court based on diversity jurisdiction, although the notice states otherwise. Rather, Defendant Williamson removed this action pursuant to 28 U.S.C. § 1331 and 1343 superfluously, although he cites 28 U.S.C. § 1332 in his Notice of Removal. Section 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction is proper only if the action could have originally been brought in the district court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).

A suit arises under the law that creates the cause of action. *Mims v. Arrow Fin. Servs.*, 565 U.S. 368, 132 S. Ct. 740, 748, 181 L. Ed. 2d 881 (2012). It is elementary that a civil case arises

under federal law **only** if it is federal law that creates the cause of action. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996), citing *Franchise Tax Bd. v. Construction Labourers Vacation Trust*, 463 U.S. 1, 8-10, 103 S. Ct. 2841, 2846, 77 L.Ed. 2d 420 (1983). So, generally, when federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts possess federal-question jurisdiction under § 1331. *Mims*, 132 S. Ct. at 748-49. In such an instance, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974).

Further, the United States Supreme Court has consistently held that the federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). Courts are obliged to strictly construe removal jurisdiction and all doubts should be resolved in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal bears the ultimate burden of demonstrating that removal is proper. *Coyne*, 183 F.3d at 495.

    B. **DEFECTS WHICH REQUIRE REMAND-THE 30 DAY RULE AND WAIVER**

At the commencement of this action, Remover and Defendant Williamson was served at the very same address which he used in the Lorain County Case. (See Exhibit 2, p.1, Exhibit 3, P.1). He was served on December, 7 2022, through his putative attorney, Defendant Bardwell. As

8

such, the removal is defective under 28 U.S.C. §1446(b)(1) because the removal was filed more than 30 days after service.

As respects waiver, where removal comes on the heels of a ruling adverse to the defendant, federal courts are inclined to find waiver of the right to remove. Courts often see removal as improperly designed to obtain a de facto appeal of adverse state court rulings such as occurred in this case. See e.g., *Queen v. Dobson Power Line Constr. Co.,* 414 F. Supp. 2d 676, 679 (E.D. Ky.2006) (finding waiver of the right to remove where defendant removed on the heels of an adverse ruling on its motion for partial summary judgment, and the court saw defendants as trying to "game the system"). This is exactly what is taking place here.

Prior to actual service which took place on December 7, 2022, Defendant Bardwell submitted a first set of discovery requests upon the Plaintiff on behalf of Remover Williamson, which became the subject of a protective order and later a second set of discovery requests on behalf of Williamson, which also became the subject of a protective order. (See Exhibits 5, 6 and 7) Remover, Williamson's putative, lawyer, Defendant Bardwell, then issued overly broad subpoenas for phone records of non-parties and Plaintiff on behalf of Remover Williamson which became the subject of motions to quash. The motions to quash were all granted. These subpoenas were issued prior to the date of service on the foregoing address, December 7, 2022. (See Exhibit 5, and 8) Remover, Williamson's putative lawyer, Defendant Bardwell, then became the subject of a Motion to Disqualify for unethical conduct on behalf of Williamson, which was granted. (See Exhibit 9) Remover, Williamson then filed a Motion to Dismiss pro se, which was denied. (See Exhibit 11) On February 13, 2023, Williamson and his other lawyer for a limited purpose, Subodh Chandra filed a Notice of Appeal contesting the granting of the motion to disqualify. (See Exhibit 10)

It is manifest from the foregoing, that Defendant Williamson received service of the complaint on December 7, 2022, at the appropriate address given and previously used by his putative lawyer, Defendant Bardwell. His actions confirm receipt of service. This is well beyond the 30 day limit. Further, the conduct of Defendant Williamson constitutes a waiver of the right to remand. The action should be remanded.

### C. **THIS CASE DOES NOT INCLUDE A FEDERAL CAUSE OF ACTION, DOES NOT RAISE A SUBSTANTIAL FEDERAL QUESTION AND DOES NOT IMPLICATE SIGNIFICANT FEDERAL ISSUES.**

Plaintiff's complaint states four causes of action. There are no federal civil claims or causes of action contained anywhere in the complaint. The causes of action are set forth in the complaint, Exhibit 3, ¶¶ 30-45 as follows:

**CIVIL ABUSE OF PROCESS**

30. Plaintiff Williams restates the foregoing paragraphs as if fully rewritten herein.

31. The Defendants filed the sham and extortionary Lorain County complaint with an improper and unlawful motive.

32. Plaintiff Williams has suffered direct damages as a result of the Defendants' wrongful use of process.

**CIVIL RECOVERY FOR CRIMINAL ACTS**

33. Plaintiff Williams restates the foregoing paragraphs as if fully rewritten herein.

34. Under Ohio Revised Code Section 2307.60, anyone injured in person or property by a criminal act may recover damages in a civil action which includes the costs of maintaining the action, attorney fees and punitive or exemplary damages.

35. The Defendants were engaged in an enterprise within the meaning of Ohio Revised Code

Section 2923.31(C).

36. The Defendants conducted or participated in the affairs of an enterprise through a pattern of corrupt activity in violation of Ohio Revised Code Section 2923.32.

37. The Defendants also committed perjury and fraud in Plaintiff Williams' federal case.

38. The Defendants also engaged in conduct in violation 18 U.S.C. Section 1346 relating to honest services fraud.

39. Plaintiff Williams suffered substantial proximate damage as a consequence of the Defendants' course of conduct.

**CIVIL CONSPIRACY**

40. Plaintiff Williams restates the foregoing paragraphs as if fully rewritten herein.

41. The Defendants acted in concert by unlawfully using unfettered access to privileged information as a shield to develop a false narrative and to file a sham lawsuit.

42. The Defendants conspired to perpetrate a fraud upon the court in the Lorain County complaint by unlawfully using and misrepresenting privileged information as the gravamen of the complaint causing Plaintiff Williams substantial proximate damages.

**NEGLIGENCE**

43. Plaintiff Williams restates the foregoing paragraphs as if fully rewritten herein.

44. The Defendants had a duty to testify truthfully and fully under oath and had a duty not to pervert Ohio's court system through a sham lawsuit intended to extort a windfall settlement.

45. The Defendants breached those duties causing substantial proximate damage to Plaintiff Williams.

The only mention of federal law in the foregoing causes of action relates to 18 U.S.C. § 1346, honest services fraud which does not provide for a federal civil cause of action.

11

In the case at bar, none of the Plaintiff's claims involve a federal civil cause of action. All of the causes of actions are creations of the laws of the State of Ohio. Additionally, there are no federal immunities applicable to this case arising out of the Constitution or laws of the United States. As a result, this Court lacks original jurisdiction because this action does not arise under the Constitution, laws, or treaties of the United States. Because diversity jurisdiction is unavailable, and the Complaint states no federal causes of action under the Constitution, laws, or treaties of the United States, for removal to be effective, federal jurisdiction must exist upon the foundation of a federal question.

1. **THERE IS NO 42 U.S.C. § 1983 CAUSE OF ACTION ANYWHERE IN THE CUYAHOGA COUNTY COMPLAINT WHICH CONFERS JURISDICTION IN THIS CASE**

In certain situations, where causes of action find their genesis under state rather than federal law, the Supreme Court has identified a "special and small category" of cases in which "arising under" jurisdiction exists pursuant to § 1331. *Gunn v. Minton*, 568 U.S. 251, 258, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006)). The Supreme Court recognizes that only a very narrow category of cases come within the parameters of the "substantial federal-question" doctrine, and the Court has provided the lower courts with a framework for determining when state-law claims necessarily turn on federal law so as to permit removal to federal jurisdiction. *Miller v. Medtronic, Inc.*, 41 F. Supp. 3d 644, 651-652 (W.D.Ky.2014), citing *Gunn*, 568 U.S. at 258. The mere presence of a federal issue in a state law claim does not automatically confer federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed.

In this case, Remover and Defendant Williamson effectuated removal by referencing 42 U.S.C. 1983 on p.5 of the complaint in the Cuyahoga County Case. (Exhibit 3) However, the mere reference to that statute does not confer federal jurisdiction in this case. A closer look at page 5 reveals that it is merely a rehash of facts which took place in the Federal Case. That case settled for $450,000 and is closed. The recitation on that page makes no attempt to resurrect a cause of action under 42 U.S.C. §1983 and any attempt to use that page of the complaint to establish federal jurisdiction in this case must fail.

**2. DEFENDANT REMOVED THIS CASE ON THE INACCURATE PRESUMPTION THAT A POSSIBLE INTERPRETATION OF 18 U.S.C. § 1346 WOULD CONFER FEDERAL JURISDICTION**

Additionally, Defendant Williamson removed this case to federal court based on the faulty notion that a simple reference to a section of the federal criminal code, 18 U.S.C. §1346, the honest services fraud statute, set forth within the state causes of action, specifically, Ohio Revised Code Section 2307.60 on page 9 of the Cuyahoga County complaint, created a substantial federal question necessitating federal jurisdiction. Plaintiff's right to relief does not arise under the federal criminal code, but rather the state statute and common law. The Plaintiff's right to relief in this case cannot arise under the federal criminal code because the presence of a criminal statute violation neither creates nor implies a corresponding private right of action. *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *United States v. Wadena*, 152 F.3d 831, 845-46 (8th Cir. 1998)); *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190-91, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994); *Frison v. Zebro*, 339 F.3d 994, 999-1000 (8th Cir. 2003); *Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 408-09 (8th Cir. 1999). Private citizens generally have no standing to institute federal criminal proceedings. *Kunzer,* 667 F. Supp. 2d at 1061. Though a bare criminal statute does not necessarily preclude an

implied private right of action, there must be a statutory basis for inferring that a civil cause of action of some sort that exists in favor of someone. *Wisdom,* 167 F.3d at 408.

Any attempt at establishing federal private causes of action for violations of the federal criminal code would undermine congressional intent by providing a civil federal remedy for the violation alleged in this case. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 812, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). In short, "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'" within the meaning of § 1331. *Merrell Dow*, 478 U.S. at 817; *see also, e.g., Adventure Outdoors*, 552 F.3d at 1295; *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 152-53 (4th Cir. 1994). Therefore, the federal statute referred to on page 9 of the complaint does not justify maintaining jurisdiction in this Court.

This lack of federal private right of action for violations of the federal criminal code is contrasted with the law in the state of Ohio, which does allow a private cause of action for personal injuries resulting from any criminal act. *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203, ¶13. Further, the Ohio Supreme Court has also determined that a conviction is not necessary to establish a claim under Ohio Revised Code Section 2307.60. *Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 2020-Ohio-3832. The only law in this case that provides for causes of action is state law despite the meager reference to a federal statute.

The issue of whether a "substantial federal question" arises **only** "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007), cert. denied, 553 U.S. 1031 (2008). The defendant must demonstrate that "the interpretation of a federal statute ... is actually in dispute

... and is so important that it sensibly belongs in federal court." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 552 (6th Cir.), *cert. denied*, 549 U.S. 815 (2006) (internal quotation marks omitted). Substantial federal-question jurisdiction applies only in "rare" instances. *Gates v. Ohio Sav. Bank Ass'n,* No. 1:07-cv3581, 2008 WL 928489 at *4 (N.D. Ohio Apr. 4, 2008) (Lioi, J.). Jurisdiction on this basis is "exceptional." *Mikulski*., 501 F.3d at 565. **In this case it would be beyond exceptional.** In further determining whether a state law claim raises a "substantial federal question," courts must also remain "mindful that state courts are generally presumed competent to interpret and apply federal law." *Mikulski*, 501 F.3d at 560-561, citing *Zwickler v. Koota*, 389 U.S. 241, 245, 88 S. Ct. 391, 19 L. Ed. 2d 444 (1967) Judge Janet Burnside is more than competent to interpret and apply the federal law that was insignificantly mentioned in the state causes of action.

### III. <u>CONCLUSION</u>

Defendant Williamson has removed this case with patent defects that permeate all of the removal pleadings and civil cover sheet. He wrongfully asserted that a reference to a federal statute, in a rehash of facts of a prior federal lawsuit, justified removal to this Court. Finally, Defendant Williamson abuses this Court and opposing counsel, as he has done in the past, by creating a sham narrative, suggesting that somehow a reference to a federal statute in a subsection of a state cause of action inexplicably confers federal jurisdiction upon this Court. Defendant Williamson has firmly established himself as a sham and vexatious litigator. It is manifest from the foregoing that Defendant Williamson does not comprehend or appreciate the significance of Judge Burnside's rulings. He has now decided to choose a different avenue and this forum as a defacto appellate court. This Honorable Court has an opportunity to put an end to his nonsense by

sending this matter back to the state court where it originated and by appropriately issuing sanctions and attorney fees.

Respectfully submitted,

*/s/ William J. Novak (0014029)*

WILLIAM J. NOVAK (0014029)

**NOVAK, LLP**
P.O. Box 1228
Bath, Ohio 44210
Phone: (216) 781-8700
Fax:    (330) 666-5266
Email: william@novak-law.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

A true copy of the foregoing was served on this 27th day of February, 2023 by electronic mail and the Court's Pacer electronic filing system on the following:

Harry Williamson
1265 West Sixth Street,
Suite 400
Cleveland, OH 44113
Email: hwilliamson2720@gmail.com

David Smith
28601 Chagrin Blvd.
Beachwood, OH  44122
Phone: 216-831-0042
Email: dsmith@meyersroman.com

Attorney for Defendant Hung

John Latchney
3737 Embassy Pkwy.
Akron, OH 44333
Phone: 330-670-7602
jlatchney@hcplaw.net

Attorney for Defendant Bardwell

/s/ *William J. Novak*
WILLIAM J. NOVAK,

*Attorney for Plaintiff*