IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS WILLIAMS, | ) | CASE NO. 1:23 CV 295 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| MICHELLE HUNG, et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand (ECF # 7). The motion to remand is opposed by the Defendants Brian Bardwell and Harry Williamson (ECF # 16)[1]. Having carefully considered the legal and factual issues raised, and for the reasons that follow, the motion to remand is hereby GRANTED.

## BACKGROUND

Plaintiff, Thomas Williams, the former County Administrator of Lorain County, Ohio, filed this action in the Court of Common Pleas of Cuyahoga County, Ohio on November 21, 2022, against Defendants Michelle Hung, a County Commissioner in Lorain Ohio, Harry Williamson, the former 911 Director of Lorain County, and attorney Brian Bardwell alleging four

---

[1] Defendant Michelle Hung has not filed an objection to Plaintiff's Motion to Remand.

state law claims, including civil abuse of process, civil recovery for criminal acts under Ohio Rev. Code § 2307.60, civil conspiracy and negligence. Defendant Williamson, acting *pro se*, removed the action to this Court on February 15, 2023, asserting that the action is removable because the complaint contains allegations and causes of action which arise under the laws of the United States–42 U.S.C. §§ 1346 and 1983. (ECF #1) Mr. Williamson refined his grounds for removal in his Amended Notice of Removal (ECF #4) which asserts that Plaintiff's second cause of action under ORC § 2307.60 alleges a violation of 18 U.S.C. §1346, the Honest Services Fraud statute and thus presents a situation where a state law claim presents a question of federal law and necessarily depends on a substantial and disputed federal issue. (ECF #4 at ¶3)

Plaintiff asserts that the action should be remanded because the notice of removal was untimely in that it was filed more than 30 days after Defendant Williamson was served. Plaintiff further asserts that the reference to a federal statute in a state law cause of action under Ohio Rev. Code § 2307.60 does not confer federal jurisdiction. Defendants have opposed the motion to remand and have filed a Motion to Strike Plaintiff's Memorandum in Support pursuant to Fed. R. Civ. P. 12(f) because they assert it contains scandalous, immaterial and unprofessional matter. (ECF #18)[2]

## STANDARD OF REVIEW

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. *See, e.g., Kokkonen v. Guardian Life*

---

[2] The Court has ignored any content in Plaintiff's Motion to Remand that is irrelevant to the issue of federal jurisdiction. As such, Defendants' Motion to Strike is denied.

*Ins. Co. of America.*, 511 U.S. 375, 377 (1994). Cases which have originally been filed in state court may be removed to a federal district court pursuant to 28 U.S.C. § 1441(a) only if the district court has original jurisdiction over the matter. District courts have original jurisdiction of civil actions arising under the federal question provision of 28 U.S.C. § 1331 and the diversity of citizenship provisions of 28 U.S. C. § 1332.

Removal based upon federal question jurisdiction is appropriate when a civil action is founded on a claim or right arising under a federal law. A case "aris[es] under" federal law for § 1331 purposes if "a well-pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 678 (2006) citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983).

Jurisdiction under the substantial federal question doctrine "is exceptional and federal courts must determine its availability, issue by issue." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007). The "mere presence of a federal issue in a state law cause of action does not automatically confer federal question jurisdiction, either originally or on removal." *Id.* Under the standard developed by the Supreme Court, federal jurisdiction over a plaintiff's state law claim exists where a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

A court considers whether federal jurisdiction existed at the time of removal and the

removing party "bears the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-454 (6th Cir. 1996) Courts must strictly construe the removal statutes and all doubts are to be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

## DISCUSSION

**1. 30 Day Removal Deadline**

Under 28 U.S. C. § 1446(b) (1) the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summon upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Plaintiff asserts that Defendant Williamson was served on December 7, 2022 at the same address that he used in an earlier case involving the same parties in Lorain County. That address is apparently the business address of Defendant Bardwell, who acted as Mr. Williamson's attorney in the Lorain case and in this case until he was disqualified from continuing to represent Mr. Williamson by Judge Burnside in the Common Pleas Court because of the conflict arising from the fact that Mr. Bardwell and Mr. Williamson are co-defendants in the current case.

Defendant Williamson argues that Plaintiff's attempt to serve Mr Williamson at his attorney's business address was not proper service and did not start the running of the removal 30 day clock. Despite the fact that Mr. Williamson had been participating in this case through his lawyer and co-defendant Mr. Bardwell since December 7, 2022, Plaintiff filed an additional request for service upon Defendant Williamson, thereby, at least implicitly conceding that the earlier service was improper. The second request for service was accomplished on February 3, 2023, thus, both the original notice of removal filed on February 15, 2023 and the Amended notice of removal filed on February 24, 2023 were within the 30 day time period of §1446(b)(1).

**2. Substantial Federal Question**

Defendants assert that Plaintiff's second claim for relief, entitled Civil Recovery for Criminal Acts, under Ohio Rev. Code § 2307.60 raises a federal question because two of the four criminal acts alleged to have been committed by Defendants are perjury and fraud in Plaintiff's federal case and conduct in violation of 18 U.S.C. § 1346 relating to honest services fraud. In addition, however, the claim also asserts that Defendants were engaged in an enterprise and participated in the affairs of an enterprise through a pattern of corrupt activity in violation of Ohio Rev. Code §§ 2923.31(C) and 2923.32.

In order for this Court to have federal jurisdiction over Plaintiff's claim under Ohio Rev. Code § 2307.60, the federal perjury statute and the honest services fraud statute must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. at 258 citing *Grable*, 545 U.S. at 314.

With respect to the first and second elements, a federal question is not "necessarily

raised" or "actually disputed" if Plaintiff could potentially recover under Ohio Rev. Code § 2307.60 without a determination of whether Defendants' conduct violated any federal criminal statute. Here, Plaintiff also alleges violations of Ohio Rev. Code § 2923 as conduct supporting imposition of liability under Ohio Rev. Code § 2307.60. "When a state law claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Arnold v. Baxter Healthcare Corp.*, 609 F. Supp. 2d 712, 716 (N.D. Ohio 2009) *citing Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir. 1996).

Moving on the to third element of the *Grable* test, substantiality of the federal issue, the Supreme Court has identified four aspects of a case or an issue that affect the substantiality of the federal interest in that case or issue: (1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important (*i.e.*, not trivial); (3) whether a decision on the federal question will resolve the case (*i.e.*, the federal question is not merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases (*i.e.*, the issue is not anomalous or isolated). *Mikulski*, 501 F.3d at 570. Analysis of these four factors leads to the inescapable conclusion that the alleged federal issue here is not substantial. First, the case does not involve a federal agency or a federal agency's compliance with the federal statutes at issue here. Secondly, any federal issue at stake here is not that important and will not control any other cases. Finally, a decision on the federal question here will not resolve the case or even the Ohio Rev. Code § 2307.60 claim.

The last *Grable* factor is whether the exercise of jurisdiction over this action would

impermissibly disrupt the congressionally approved balance of federal and state judicial responsibilities. In a recent opinion declining to exercise jurisdiction over a claim under Ohio Rev. Code § 2307.60 where the plaintiff asserted violations of federal statutes as the criminal conduct involved, Judge Oliver explained:

> *Grable* instructs that a case cannot be deemed to "arise under" federal law, thereby invoking federal jurisdiction, merely because the litigation of state law claims may require a determination of whether a defendant's conduct violated federal law. Yet, that would be the result here, where Plaintiff's well-pleaded Complaint does not raise any challenge or dispute regarding an interpretation of federal law. As a consequence, if jurisdiction exists here, it would exist in every case brought under Ohio Rev. Code § 2307.60 that relies on federal law as the underlying criminal statue of conviction. Simply put, this result would disrupt the congressionally approved balance of federal and state judicial responsibilities in a manner that would be drastically inconsistent with *Grable's* teachings.

*Williams-Salmon v. Avanir Pharmaceuticals, Inc., et al.*, Case No. 1:20 CV 419 at pp.10-11 (N. D. Ohio July 31, 2020)

Similarly, analysis of the *Grable* factors here demonstrates that this Court does not have federal question jurisdiction over this action.

### 3. Costs, Attorneys Fees and Sanctions

Plaintiff requests an award of just costs including sanctions, actual expenses, and attorneys fees incurred in pursuing his motion to remand. While a district court may require payment of costs and any actual expenses, including attorneys fees as part of its remand order under 28 U.S.C. § 1447(c), such fees should only be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Chase Manhattan Mortg. Corp. V. Smith*, 507 F.3d 910, 913 (6th Cir.

2007)(award of attorneys fees is inappropriate where Defendant's attempted removal was 'fairly supportable.') In this case, Defendants' removal was objectively reasonable and fairly supportable. Accordingly, Plaintiff's request for costs, attorneys fees and sanctions is denied.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Remand (ECF # 7) is GRANTED. Defendants' Motion to Strike (ECF #18) is denied. This action is REMANDED to the Court of Common Pleas for Cuyahoga County, Ohio. The Parties shall bear their own costs.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 5, 2023